FILED
IN COURT
CHARLOTTE, N. C.

JUN - 7 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:04CR210

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| FRANCISCO ROMERO-PINA | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 18 U.S.C. §982 and §1028(b)(5) as property that was proceeds of and/or was used to facilitate the crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant was convicted on all counts at trial and then stipulated to forfeiture of the assets listed in the Bill of Indictment. Based on the evidence admitted at trial and the defendant's stipulation, the Court finds that there is a nexus between each such asset and one or more of the crimes of which defendant has been convicted and that defendant had an interest in the property that is forfeitable under the applicable statute.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

   a. $7,900.00 seized from defendant on July 22, 2004;

   b. two Polaroid cameras;

   c. two Polaroid laminate (Hot Seal) machines;

   d. one Hewlett Packard copy machine; and,

e. one Hewlett Packard computer (CPU), monitor and keyboard.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. §853(n).

This the 7th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE